# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VILLAGE OF HOBART,

        Plaintiff,

v.                                                           Case No. 14-C-201

DEPARTMENT OF THE INTERIOR, et al.,

        Defendants.

## ORDER DENYING DISCOVERY AND *IN CAMERA* REVIEW

Plaintiff filed this action under the Freedom of Information Act (FOIA) after the Department of the Interior withheld all documents responsive to Plaintiff's FOIA request. The Department cited Exemption 5, which protects "inter-agency and or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption covers work product, which prevents "a party [from] discover[ing] documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its ... agent." Fed.R.Civ.P. 26(b)(3)(A); *see FTC v. Grolier,* 462 U.S. 19, 20 (1983) ("It is well established that [exemption 5] was intended to encompass the attorney work[ ]product rule."). *Appleton Papers, Inc. v. E.P.A.,* 702 F.3d 1018, 1022 (7th Cir. 2012). The government has provided the Plaintiff with a Vaughn index (named after *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973)) in which it identifies the responsive documents and provides a description of the basis for withholding. (ECF No. 16-4.)

Plaintiff has filed a motion seeking *in camera* review of the documents in question to

determine whether the documents being withheld are actually exempt from disclosure. "*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." *Local 3, Int'l Bhd. of Elec. Workers, AFL–CIO v. NLRB,* 845 F.2d 1177, 1180 (2d Cir. 1988).

Here, Plaintiff believes review is justified in part because of circumstances it views as suspicious. Specifically, the Village notes that the Interior Department originally claimed there were 94 pages of responsive documents, but more recently it claimed there were 150 pages. This is not suspicious, however, because if a government agency were going to wrongfully conceal or withhold documents, it would not tell the seeking party that it now had *more* documents that were responsive to its requests. And in any event, the government's explanation for the mixup is quite plausible: the files contained two "PDF Portfolios," which themselves contain multiple documents that can sometimes appear, erroneously, only as a single document. (ECF No. 18-1 at ¶¶ 9-10.)

The Village also notes that certain communications with third parties are not reflected in the *Vaughn* index, but any such documents were outside the scope of the FOIA request, which asked for documents prepared in response to a 2009 memorandum. That is, the communications Plaintiff believes are missing would have pre-dated the 2009 memorandum, but its FOIA request asked only for documents subsequent to the memorandum.

In sum, I agree with Plaintiff that in some circumstances *in camera* review would be warranted, and of course it is authorized by the statute itself. But here the government's affidavits reveal a sincere effort to explain the alleged discrepancies, which means the case (at this stage) is no different from the mine run of FOIA cases in which *in camera* review and discovery are not undertaken.

For these reasons, the motion for *in camera* review and discovery is **DENIED**.

**SO ORDERED** this 23rd day of September, 2014.

          /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court